UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT LONDON

_____
BETTY CHARLES,                                       )
       Plaintiff,                                  )          *Electronically Filed*
                                                     )
v.                                                   )
                                                     )
MERRIL A. WINCHESTER, M.D.                           )
19 Medical Loop, Ste. 3                              )          *Complaint*
Whitley City, KY 42653                               )          *(Jury Demanded)*
                                                     )
AND                                                  )
                                                     )
WINCHESTER, PATTON AND BURGESS, P.S.C.               )
c/o John Patton, M.D.                                )
South Fork Center                                    )
P.O. Box 99                                          )
Whitley City, KY  42653                              )
                                                     )
AND                                                  )
                                                     )
McCREARY CHRISTIAN CENTER, INC.,                     )
c/o Sue Singleton                                    )
Box 363, Southfork Plaza, Hwy. 27                    )
Whitley City, KY 42653                               )
                                                     )
AND                                                  )
                                                     )
UNKNOWN JOHN DOE DEFENDANTS 1-10,                    )
EMPLOYEES OF MERRILL A. WINCHESTER,                  )
M.D.,WINCHESTER, PATTON AND                          )
BURGESS, P.S.C., OR McCREARY CHRISTIAN               )
CENTER, INC.,                                        )
       Defendants                                  )

Comes now the Plaintiff, Betty Charles, by and through the undersigned counsel, and for her Complaint, With Jury Demanded, against the above-named Defendants, states as follows:

## INTRODUCTION

1.  This action seeks redress for the theft of Plaintiff Betty Charles' ("CHARLES") identity by the Defendants, jointly and severally, through a pattern of unlawful racketeering activity. After CHARLES utilized the prescription services of Defendant McCreary Christian Center ("MCC"), to have filled prescriptions written by her own physician(s), she learned the directing physician of MCC, Defendant Merrill A. Winchester, M.D. ("WINCHESTER"), in furtherance of his role as directing physician of MCC or as a physician with Defendant Winchester, Patton, and Burgess, P.S.C. ("WPB"), had written false prescriptions in CHARLES' name. The prescriptions written by WINCHESTER in CHARLES' name were for medications not otherwise prescribed to her by her own physician, and were not the result of an actual physician/patient relationship between WINCHESTER and CHARLES. Instead, based upon information and belief, the prescriptions written by WINCHESTER in CHARLES' name were delivered via the United States mails or wire transmission(s) to RX Crossroads, a mail order pharmacy service. RX Crossroads, in turn, filled the prescription and mailed the fraudulent prescriptions to MCC, where the medications were dispensed by MCC, via Defendants JOHN DOE(S) 1-10, to other customers of MCC.

JURISDICTION AND VENUE

2. The claims herein arise under Federal law as set forth, *inter alia*, in 18 U.S.C. §§ 1961 *et seq.*, known generally as Racketeer Influenced and Corrupt Organizations Act, or "RICO," and under Kentucky Revised Statutes, and seeks recovery of an amount exceeding the jurisdictional requirements of this Court. Venue is appropriate in this Court because the Defendants are each domiciled in this jurisdiction, and man of the acts complained of herein are believed to have taken place in or to have originated in McCreary County, Kentucky.

THE PARTIES

3. Plaintiff Betty Charles is, and at all times relevant hereto has been, a resident of Pine Knot, Kentucky.

4. Defendant Merrill A. Winchester, M.D., is, upon information and belief, a doctor of medicine duly licensed to practice medicine in the Commonwealth of Kentucky and having his principal place of medical business in Whitley City, Kentucky. He is also identified in records on file with the Kentucky Secretary of State as a Director for McCreary Christian Center, and a Director for Winchester, Patton and Burgess, P.S.C. He may be served at 19 Medical Loop, Suite 3, Whitley City, Kentucky.

5. Defendant Winchester, Patton and Burgess, P.S.C., is a Kentucky Professional Services Corporation organized and existing under the laws of the Commonwealth of Kentucky, and performing the service of providing medical care to individual patients. Among the initial incorporators and directors is Defendant WINCHESTER. Winchester, Patton and Burgess, P.S.C. may be served through its

Registered Agent, John A.L. Patton, M.D., at South Fork Center, P.O. Box 99, Whitley City, KY 42653.

6. Defendant McCreary Christian Center, Inc. is a Non-Profit Corporation organized and existing under the laws of the Commonwealth of Kentucky, and having its principal place of business in Southfork Plaza, Whitley City, KY. Among the initial directors of the McCreary Christian Center, Inc., is Defendant Merrill A. Winchester, M.D., who is, upon information and belief, the managing physician of McCreary Christian Center, Inc. McCreary Christian Center, Inc., may be served through its registered agent, Sue Singleton, at Box 363, Southfork Plaza, Hwy. 27, Whitley City, KY 42653.

7. Defendant(s) John Doe(s), are, upon information and belief, as yet unidentified employees, agents, or servants of Defendants WINCHESTER, WPB, or MCC, who aided and abetted the theft of Plaintiff CHARLES identity by preparing, filing, or filling prescriptions written by Defendant WINCHESTER in CHARLES' name for distribution to others. Until identified, they may be served via warning order attorney.

## FACTUAL BACKGROUND

8. In or about 2008, Plaintiff CHARLES lost her employment and/or employer sponsored medical insurance.

9. Faced with continuing medical needs, CHARLES continued seeing her primary care physician(s) and certain select specialists, but was unable to afford medication(s) prescribed by her primary care physician(s) and specialists.

10. As a result, CHARLES sought assistance from Defendant MCC, which filled prescriptions for CHARLES that had been written by CHARLES own physicians in the scope of a physician/patient relationship.

11. CHARLES continued to utilize the pharmacy services provided by Defendant MCC with intermittent frequency until approximately 2014.

12. In or about November, 2012, CHARLES received a delivery via US Mail from "RxCrossroads," containing an unexpected shipment of the medication Janumet, ostensibly prescribed to CHARLES by Defendant WINCHESTER.

13. Janumet, a medication manufactured by Merck Sharp & Dohme Corp., a subsidiary of Merck & Co, Inc., is a medication used to treat Type 2 Diabetes in adults.

14. Plaintiff CHARLES did not then suffer, and has not since suffered, from Type 2 Diabetes or any other condition which would warrant the use of Janumet, and CHARLES was not then and has not since been in a physician/patient relationship with Defendant WINCHESTER.

15. Upon contacting RxCrossroads, CHARLES learned the Janumet was one of several prescriptions written in her name by Defendant WINCHESTER and delivered either to Defendant WINCHESTER, Defendant WPB, or Defendant MCC, but neither prescribed nor distributed to CHARLES.

16. Upon information and belief, the prescriptions written by WINCHESTER for the ostensible benefit of CHARLES were then transmitted via U.S. Mail or the wires by Defendants, jointly and severally, for purposes of fraudulently obtaining prescription medications not actually intended for CHARLES.

17. CHARLES never requested or consented to the creation or filling of prescriptions in her name by Defendant WINCHESTER or Defendant WPB, nor did she authorize the delivery of any medications prescribed to her, to Defendant MCC.

18. Upon information and belief, Defendants, jointly and severally, misappropriated, *inter alia*, her name and date of birth for purposes of obtaining Janumet and other prescription medications for use otherwise prohibited by law.

19. Upon information and belief, Defendants, jointly and severally, transmitted the fraudulent prescriptions via the U.S. Mails or via wires to RxCrossroads for purposes of obtaining medication not intended for distribution to CHARLES, in furtherance of their collective enterprises' affairs, thereby creating a pattern of racketeering activity.

20. The label on the bottle of Janumet unlawfully prescribed in CHARLES' name by Defendant WINCHESTER and delivered to CHARLES contains the following warning: "Federal law prohibits transfer of this drug to any person other than patient for whom prescribed."

## CAUSES OF ACTION

### *Count One: Civil RICO Violation(s)*
### *18 U.S.C. 1962 (c) and 1962(d)*

21. Plaintiff repeats and reiterates each and every allegation contained above, the same as if set forth at length herein.

22. The individually-named Defendants, including John Doe and Jane Doe Defendants, conduct or participate, directly or indirectly, in an enterprise created to discharge a common purpose of engaging in a course of conduct, to wit, *inter alia*: the pharmacy operation of MCC operates to acquire and distribute medications to

its clients, utilizing the conduct and participation of the individually-named Defendants.

23.     The above-described acts of the Defendants, jointly and severally, constitute numerous predicate acts of mail fraud, or wire fraud, and were undertaken as part of a pattern of racketeering activity, with the related acts occurring within the last ten (10) years.  Based upon pattern and practice evident from information currently available, there exists a real and present danger that the predicate acts amount to or pose a threat of continued criminal activity.

24.     Plaintiff has suffered actual and consequential damages as a direct and proximate cause of the Defendants acts, which damages would not have occurred but for the Defendants acts.

25.     As a result of Defendants acts in violation of the provisions of 18 U.S.C. 1962 *et seq.*, Plaintiff is entitled to recover threefold her actual and consequential damages, together with the costs of the action, including a reasonable attorney fee.

*Count Two:  Theft of Identity (K.R.S.  514.160)*

26.     Plaintiff repeats and reiterates each and every allegation contained above, the same as if set forth at length herein.

27.     Pursuant to K.R.S.  514.160(1), "A person is guilty of the theft of the identity of another when he or she knowingly possesses or uses any current or former identifying information of the other person or family member or ancestor of th other person, such as that person's or family member's or ancestor's name, address, telephone number, electronic mail address, Social Security number, driver's license number, birth date, personal identification number or code, and any

other information which could be used to identify the person, including unique biometric data, with the intent to represent that he or she is the other person for the purpose of: (a) depriving the other person of property; (b) obtaining benefits or property to which he or she would otherwise not be entitled; (c) making financial or credit transactions using the other person's identity; (d) avoiding detection; or (e) commercial or political benefit."

28. Plaintiff, like all citizens, is plainly within the class of persons intended to be protected by K.R.S. 514.160, and Defendants joint and several violation of K.R.S. 514.160 is made actionable by K.R.S. 446.070.

29. Defendants jointly and severally violated the provisions of K.R.S. 514.160 by, *inter alia*, utilizing CHARLES name and date of birth on prescriptions, signed by Defendant WINCHESTER, and submitted for filling and delivery to Defendant MCC or to other Defendants. Upon information and belief, the medications unlawfully prescribed to CHARLES were thereafter illegally distributed to other patients of Defendant WINCHESTER, Defendant WPB, or Defendant MCC.

30. Pursuant to K.R.S. 446.070, a cause of action exists in favor of CHARLES against Defendants, jointly and severally, for actual and consequential damages.

31. CHARLES has sustained actual and consequential damages as a result of Defendants' joint and several violation of K.R.S. 514.160, and the resulting invasion of her privacy.

8

32. Given Defendants intentional violation of K.R.S. 514.160, apparent intent for personal or professional gain, and resultant invasion of CHARLES' privacy, CHARLES is entitled to recover punitive or exemplary damages.

### *Count Two: Violation of Consumer Protection Act*

33. Plaintiff repeats and reiterates each and every allegation contained above, the same as if set forth at length herein.

34. Pursuant to K.R.S. 514.160(2), if the person violating K.R.S. 514.160(1) *et seq.*, is a business that has violated the statute on more than one (1) occasion – as Defendants have, jointly and severally done in this case – then that person also violates the Consumer Protection Act, K.R.S. 367.110 to 367.300.

35. Between 2008 and the filing of the instant action, Defendants have jointly and severally engaged in dozens of transactions whereby CHARLES' identity was used, without her consent, to obtain prescription medications not prescribed to CHARLES by an actual treating physician with whom she had a physician/patient relationship, or delivered to CHARLES for her consumption.

36. In addition to the actual damages she has sustained as a result of Defendants' joint and several violations of K.R.S. 514.160 and K.R.S. 367.220(1), K.R.S. 367.220(2) provides that CHARLES is entitled to recover the costs associated with the action and a reasonable attorney's fee, and the same are hereby claimed and demanded.

### DEMAND FOR RELIEF

WHEREFORE, based upon the foregoing acts and omissions of the Defendants, jointly and severally, CHARLES prays for the following relief:

1. Judgment against the Defendants, jointly and severally, for threefold her actual and consequential damages;

2. Judgment against the Defendants, jointly and severally, for punitive damages;

3. Judgment against the Defendants, jointly and severally, for injunctive relief that will prohibit their further use of her identity for any purpose not authorized by law or consent;

4. Judgment against the Defendants, jointly and severally, for her attorneys' fees and costs of the instant action;

5. Judgment against the Defendants, jointly and severally, restoring to CHARLES any and all rights or interests compromised by Defendants acts or omissions;

6. Trial by jury; and

7. Any and all other relief to which CHARLES may appear entitled.

Respectfully submitted,

EDMONDSON & ASSOCIATES

_____
Alexander F. Edmondson, Esq.
Jason V. Reed, Esq.
28 West 5th Street
Covington, KY 41011
P:  (859) 491-5551
F:  (859) 491-0187
E:  *aedmondson@edmondsonlaw.com*
     *jreed@edmondsonlaw.com*
COUNSEL FOR PLAINTIFF