**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON**

| | |
|---|---|
| **BETTY CHARLES** ) | |
|     **PLAINTIFF** ) | |
| **v.** ) | |
| **MERRILL A. WINCHESTER, M.D.,** ) | **CASE NO. 6:15-cv-00113-KKC** |
| **WINCHESTER, PATTON AND** ) | **ELECTRONICALLY FILED** |
| **BURGESS, PSC,** ) | |
| **MCCREARY CHRISTIAN CENTER,** | |
| **INC., and** ) | |
| **UNKNOWN JOHN DOE** | |
| **DEFENDANTS 1-10, EMPLOYEES** ) | |
| **OF MERRILL A. WINCHESTER, M.D.,** | |
| **WINCHESTER, PATTON AND** ) | |
| **BURGESS, P.S.C., or** | |
| **MCCREARY CHRISTIAN** ) | |
| **CENTER, INC.** | |
|     **DEFENDANTS** | |

### DEFENDANTS MERRILL A. WINCHESTER AND WINCHESTER, PATTON AND BURGESS, P.S.C.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\***

Come the Defendants, Merrill A. Winchester, M.D. and Winchester, Patton, and Burgess, P.S.C., by and through Counsel, making an entry of special appearance, and in lieu of an Answer, respectfully move this Court to dismiss Plaintiff's claims against them pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1).  A memorandum in support of this Motion is attached hereto.

The Defendants also request that the Court notice the Defendants' Motion to Dismiss Plaintiff's Complaint for a hearing at the convenience of the Court.

Respectfully submitted,
ROBINSON & HAVENS, PSC

BY:  /s/ Clayton L. Robinson
     /s/ Adam W. Havens
     Clayton L. Robinson, Esq.
     Adam W. Havens, Esq.
     101 Prosperous Place, Suite 100
     Lexington, Kentucky 40509
     Telephone: (859) 559-4533
     Facsimile: (859) 264-0444
     crobinson@robinsonhavens.com
     ahavens@robinsonhavens.com
     *Counsel for Defendants Merrill A.*
     *Winchester, M.D. and Winchester,*
     *Patton and Burgess, P.S.C.*

## NOTICE

All parties will take notice that the undersigned will bring on the foregoing Motion for hearing before the Honorable Judge of the United States District Court, Eastern District of Kentucky at London, at the earliest convenience of the Court or as soon thereafter as Counsel may be heard.

## CERTIFICATE OF SERVICE

I hereby certify that on this the 18th day of August, 2015, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to: Alexander F. Edmondson, Esq. and Jason V. Reed, Esq., counsel for Plaintiff; and I further certify that a courtesy copy of the foregoing was sent via U.S. Mail to: Sue Singleton for McCreary Christian Center, Inc., Southfork Plaza, Highway 27, P. O. Box 363, Whitley City, Kentucky 42653, Defendant.

/s/ Clayton L. Robinson

CLAYTON L. ROBINSON, ESQ.
ADAM W. HAVENS, ESQ.
*Counsel for Defendants Merrill A.*
*Winchester, M.D. and Winchester,*
*Patton and Burgess, P.S.C.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | | |
|---|---|---|
| **BETTY CHARLES** | ) | |
| **PLAINTIFF** | ) | |
| v. | ) | |
| **MERRILL A. WINCHESTER, M.D.,** | ) | **CASE NO. 6:15-cv-00113-KKC** |
| **WINCHESTER, PATTON AND** | ) | **ELECTRONICALLY FILED** |
| **BURGESS, PSC,** | ) | |
| **MCCREARY CHRISTIAN CENTER,** | | |
| **INC., and** | ) | |
| **UNKNOWN JOHN DOE** | | |
| **DEFENDANTS 1-10, EMPLOYEES** | ) | |
| **OF MERRILL A. WINCHESTER, M.D.,** | | |
| **WINCHESTER, PATTON AND** | ) | |
| **BURGESS, P.S.C., or** | | |
| **MCCREARY CHRISTIAN** | ) | |
| **CENTER, INC.** | | |
| **DEFENDANTS** | | |

## MEMORANDUM IN SUPPORT OF DEFENDANTS MERRILL A. WINCHESTER AND WINCHESTER, PATTON AND BURGESS, P.S.C.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Defendants hereby move this Court to dismiss Plaintiff's claims against them pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1).

### SUMMARY OF ARGUMENT

Plaintiff's Complaint attempts to allege violations of the Federal Racketeer Influenced and Corrupt Organizations Act (RICO) under 18 U.S.C. § 1962(c) and (d), and violations of KRS § 514.160(1) and KRS § 514.160(2). However, Plaintiff has failed to allege any injury as a result of Defendant's alleged racketeering activity. Consequently, Plaintiff lacks standing to

bring civil RICO claims against Defendants. Furthermore, Plaintiff has failed to plead sufficient facts to permit an inference that Defendants violated RICO. Apart from Plaintiff's RICO claim, Plaintiff's Complaint alleges only state law claims. Thus, Defendants submit that Plaintiff's Complaint fails to state a claim upon which relief may be granted. As Plaintiff has admitted in her Complaint that all parties are residents of Kentucky, this Court lacks subject matter jurisdiction over those claims. Therefore, Defendants respectfully request that this Court dismiss all of Plaintiff's claims against them.

## ALLEGATIONS

This case involves allegations of civil violations of the Federal Racketeer Influenced and Corrupt Organizations Act (RICO), and violations of KRS 514.160, Kentucky's identify theft statute. Based upon the allegations in the Complaint, this lawsuit arises out of Plaintiff's use of services offered by McCreary Christian Center which allowed individuals of certain income levels to obtain prescription medication without charge. Pl. Compl. ¶ 8-10. Plaintiff alleges that Defendants misappropriated her identifying information in order to obtain prescription medications that were not prescribed to her. Pl. Compl. ¶ 18.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12 provides that defendants may assert, by motion, the defense that plaintiff has failed to state in their complaint a cause of action upon which relief may be granted by the court. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007). A complaint satisfies this standard when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id. citing Twombly* at 556. This "plausibility standard" asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, the Complaint falls short of the line that divides plausibility from possibility of entitlement to relief. *Id. citing Twombly* at 557. Only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id*. at 679. However, where the complaint does not permit the court to infer more than a mere possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. *Id*.

Federal Rule of Civil Procedure 12 also permits Defendants to assert by motion the defense that the Court lacks subject matter jurisdiction over Plaintiff's claims. Fed. R. Civ. P. 12(b)(1). United States District Courts have jurisdiction over claims founded in state law where the parties are citizens of different states and where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

## LEGAL ANALYSIS

A. <u>Plaintiff Does Not Have Standing to Bring a Claim for Civil RICO Violations Against Defendants.</u>

In her Complaint, Plaintiff alleged violations of RICO under 18 U.S.C. § 1962(c) and (d). Any person injured in business or property by violation of RICO § 1962 may bring a civil claim in any United States District Court. 18 U.S.C. § 1964(c). Under RICO's civil suit provision, claimants must establish standing to sue. *Trollinger v. Tyson Foods, Inc.*, 370 F.3d 602, 612 (6th Cir. 2004). The Supreme Court has explained that injury and proximate cause are aspects of standing rather than the elements of the plaintiff's prima facie case. *Id. citing Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258, 267-68 (1992). In fact, these concepts overlap because they both grow out of RICO's requirement that claimants establish their injury was "by reason of" a

RICO predicate act violation. *Id*. at 613. Thus, a civil RICO complaint is vulnerable to a motion to dismiss if it fails to allege an injury recognized under RICO. *See, Drake v. B.F. Goodrich Co.*, 728 F.2d 638, 644 (6th Cir. 1986) (affirming the judgment of lower court dismissing plaintiffs' personal injury and wrongful death actions and denying plaintiffs' right to amend their complaints because plaintiffs did not allege an injury to business or property).

RICO allows a civil claim only where one has suffered injury to "business or property." *Jackson v. Sedgwick Claims Mgmt. Serv., Inc.*, 731 F.3d 556, 563-64 (6th Cir. 2013). Courts have sought to remain faithful to the statutory purpose of RICO and in doing so have determined that personal injuries and any pecuniary losses proximately resulting from a personal injury caused by a RICO violation, like attorney fees, lost wages, and medical expenses are not recognized. *Id*. at 565. The Supreme Court has yet to definitely interpret the injury phrase of RICO, but courts have looked to how the Supreme Court construes this phrase in the context of antitrust laws. *Id*. at 564. In that context, the Supreme Court has said that "consumers who pay a higher price for goods purchased for personal use as a result of antitrust violations sustain an injury in their 'business or property.'" *Id. citing Reiter v. Sonotone Corp.*, 442 U.S. 330, 334 (1979); *see also Diaz v. Gates*, 420 F.3d 897, 900 (9th Cir. 2005) (stating that injury from alleged false imprisonment does not confer RICO standing, but interference with contracts or prospective business relations does satisfy RICO's injury component). Personal injuries and resulting expenses do not constitute an injury to property because a personal injury does not lead to "a proprietary type of damage." *Jackson* 731 F.3d at 565 (internal citations omitted). Although courts have used varying terms to describe the distinction between a non-redressable personal injury and a redressable injury to property, "the concept is clear: both personal injuries and personal losses flowing from those personal injuries fail to confer relief under § 1964(c). *Id*.

at 565-566 (internal citations omitted). Furthermore, plaintiffs may not recover under RICO for injuries caused to a third party. *Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258, 268-269 (1992).

In *Line v. Astro Mfg. Co., Inc.*, the plaintiff alleged that the defendant's RICO violations (including misrepresenting fire safety of manufactured homes) induced plaintiff to purchase a manufactured home to use as a personal residence. 993 F.Supp. 1033, 1037 (E.D. KY 1998). The plaintiff then used the manufactured home without incident for several years. *Id*. In asserting a RICO claim, the plaintiff attempted to argue that his "injury" was that he did not obtain the expected benefit of his bargain because his home was a "fire trap." *Id*. However, the plaintiff did not suffer any injury to business or property, nor did he argue that he paid more than fair market value for the manufactured home. *Id*. As the plaintiff did not establish injury, he lacked standing to bring a civil RICO claim. *Id*. Consequently, the court held that he could not amend his complaint to add a RICO claim because it would not survive a motion to dismiss. *Id*. More recently, the Northern Division of the Eastern District of Kentucky has dismissed civil RICO claims because the plaintiff claimed only injury to his person rather than to property or business. *See Lowe v. Kentucky Court of Justice*, No. 1:14-168-KKC, 2015 WL 1526106, at *2-*3 (E.D.K.Y. April 2, 2015).

Courts in other circuits have likewise dismissed similar cases for lack of standing, including the Eastern District of California, which has held that expenses resulting from identity theft do not satisfy the injury requirement under RICO. *See Dunmore v. Dunmore*, No. 2:11-cv-2867, 2013 WL 5569979, at *11 (E.D.Cal. Oct. 8, 2013) (holding that plaintiffs did not have standing under RICO where plaintiffs attempted to assert standing on the basis of legal fees incurred as a result of defendants' misuse of plaintiffs' names, signatures, and social security

documents); *Olaniyi v. Alexa Cab*, 239 Fed. Appx. 698, 700 (3rd Cir. 2007) (holding that district court properly concluded that plaintiff's complaint failed to state a claim where plaintiff's alleged injury was mortgage fraud and identity theft); *Simon v. Weaver*, 327 F.Supp.2d 258, 261 (S.D.N.Y. 2004) (holding that plaintiff's RICO claim failed because plaintiff failed to plead any injury as a result of any actions by defendants); *Charleswell v. Manhattan Bank*, 308 F.Supp.2d 545 (D. Virgin Islands 2004) (dismissing plaintiff's alleged RICO violations because plaintiffs failed to allege injury caused by defendant's allegedly fraudulent activities); *Godfredson v. JBC Legal Group*, 387 F.Supp.2d 543, 546-47 (E.D.N.C. 2005) (holding that plaintiffs failed in alleging a RICO claim to present a party with standing because named plaintiffs admitted they did not suffer injury and therefore it was appropriate to dismiss RICO cause of action for failure to state a claim upon which relief may be granted); *see also Diaz v. Gates*, 420 F.3d 897, 900 (9th Cir. 2005) (holding that false imprisonment does not satisfy the injury requirement, and further stating that interference with contracts or prospective business relations would satisfy the injury requirement).

In addition to alleging injury, plaintiffs must further show that their injury was proximately caused by a defendant's allegedly fraudulent conduct. *Holmes*, 503 U.S. at 268. The Supreme Court has identified three important considerations in the proximate cause analysis. *Id*. at 269. First, whether the plaintiff's injury is such that it will be difficult to ascertain the amount of damages attributable to the violation as opposed to independent factors. *Id*. Second, whether recognizing the plaintiff's injury would force courts to adopt complicated rules apportioning damages to obviate the risk of multiple recoveries. *Id*. Finally, whether there are persons who have been more directly injured by the alleged wrongful conduct who can be counted upon to vindicate the law as private attorneys general. *Id*. at 269-270.

The Eastern District of California has addressed proximate cause in the context of alleged identity theft. In *Dunmore v. Dunmore*, the plaintiffs were grandparents of two men who allegedly misused their grandparents' names, forged their signatures, and misused their social security numbers in order to prepare false financial and loan documents. 2013 WL 5569979, at *11. The court found that the link between the plaintiffs' injury and the defendants' wrongful conduct was too remote to confer standing. *Id*. Moreover, the court stated that plaintiffs may not sue under RICO on the basis of injuries to a third party. *Id. citing Holmes*, 503 U.S. at 268-269. Rather, the financial institutions and private lenders who incurred substantial financial losses as a result of the alleged RICO fraud scheme had injuries sufficient to confer standing. *Id*. at *12.

Plaintiff's Complaint here fails to allege any injury and further fails to show that any injury was proximately caused by a violation of RICO by Defendants. Plaintiff alleges that Defendant misappropriated Plaintiff's name and date of birth in order to fraudulently obtain prescription medications. Pl. Compl. ¶ 16 and 18. Plaintiff further alleges to have suffered "actual and consequential damages as a direct and proximate cause of the Defendants [sic] acts." Pl. Compl. ¶ 24. However, Plaintiff does not allege any injury to her business or property which would confer standing under RICO. Rather, she merely states that she has suffered "damages." Even making all reasonable inferences in the Plaintiff's favor, Plaintiff has not plead any facts supporting an inference that Plaintiff suffered a proprietary injury. Plaintiff claims that her identifying information was "misappropriated," but this amounts a personal injury which various courts have held is not a proprietary injury under RICO's civil suit provisions. *See Jackson*, 731 F.3d at 565 (stating that personal injuries caused by RICO violation are not recoverable); *see also Olaniyi*, 239 Fed. Appx. at 700 (holding that identity theft does not satisfy the injury requirement under RICO). Furthermore, any expenses incurred as a result of identity theft would

nevertheless be costs stemming from a personal injury, which is also not recognized as an injury under RICO. *See Jackson*, 731 F.3d at 565 (holding that pecuniary losses proximately resulting from personal injury resulting from RICO violation are not recoverable); *see also Dunmore*, 2013 WL 5569979, at *11 (holding that expenses incurred as a result of misappropriation of identifying information are not proprietary injuries under RICO). Plaintiff has not alleged any expenses due to a RICO violation by Defendants, and in fact any and all prescriptions in Plaintiff's name obtained through McCreary Christian Center were free of charge. As Plaintiff has not asserted an injury recognized by RICO, Plaintiff has also not alleged that Defendant's alleged conduct proximately caused an injury recognized under RICO. Therefore, Plaintiff lacks standing to bring a claim for civil RICO violations against Defendants before this Court and her claims against Defendants should be dismissed.

      B. <u>Plaintiff Has Failed to Plead Sufficient Facts to State An Actionable RICO Claim Against Defendants.</u>

In addition to a lack of standing, Plaintiff has failed to plead sufficient facts of a civil RICO violation against Defendants. Under RICO, it is unlawful for any person employed by or associated with any enterprise engaged in, or the activities which affect interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity. *Boyle v. United States*, 556 U.S. 938, 943-944 (2009); 18 U.S.C. § 1962(c). To assert a civil RICO claim under § 1962(c), the plaintiff must show: 1) the conduct 2) of an enterprise 3) through a pattern 4) of racketeering activity. 18 U.S.C. § 1962(c). Racketeering activity is "any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical which is chargeable under state law and punishable by

imprisonment for more than one year." 18 U.S.C. § 1961(1)(A). In addition, acts which are indictable under certain sections of Title 18, including mail fraud (18 U.S.C. § 1341) and wire fraud (§ 1343) can be predicate acts to support a civil RICO claim. 18 U.S.C. § 1961(1)(B).

1. Plaintiff has failed to plead sufficient facts to support an inference that Defendants operated as an "enterprise" under RICO.

Even taking all allegations in Plaintiff's Complaint as true, Plaintiff has failed to allege that Defendants were an "enterprise" such as to be liable under RICO's civil suit provisions. Traditionally, enterprises under RICO are organized crime entities. *United States v. Johnson*, 440 F.3d 832 (6th Cir. 2006). In *Boyle v. United States*, the Supreme Court addressed whether a group of individuals who had, over several years, orchestrated and carried out a variety of bank robberies including robberies of night depositions and bank vault burglaries was an "enterprise" under RICO. 556 U.S. at 941. The Court explained that RICO reaches "a group of persons associated together for a common purpose of engaging in a course of conduct." *Id*. at 944. The Supreme Court further stated that in order to establish an "enterprise" under § 1962(c), plaintiffs must show that an association-in-fact has three structural features: a purpose; relationships among those associated with the enterprise; and longevity sufficient to permit the associates to pursue the enterprise's purpose." *Id*. at 946. Furthermore, an association-in-fact requires a certain amount of organizational structure; simple conspiracies are beyond RICO's reach. *Id*. The Supreme Court held that it was sufficient under RICO that the group of individuals were an association whose common purpose was engaging in racketeering, in that instance, bank robbery. *Id*. at 951.

In *Ouwinga v. Benistar 419 Plan Services, Inc.*, the defendants filed motions to dismiss the plaintiff's amended complaint under FRCP 12(b)(6) for defective allegations of "enterprise,"

"conduct," "racketeering," and "conspiracy" under RICO's civil suit provisions. 694 F.3d 783, 789 (6th Cir. 2012). Following the Supreme Court's analysis, the Sixth Circuit held that the plaintiff's amended complaint alleged an organizational structure which satisfied the *Boyle* standard. *Id*. 794-795. The amended complaint "delineate[d] the specific roles and relationships of the Defendants, allege[d] the enterprise functioned at least five years, and allege[d] it functioned for the common purpose of promoting a fraudulent welfare benefit plan to generate commissions and related fees." *Id*. at 795. The court found that these allegations sufficiently supported an inference of an enterprise. *Id*.

The Complaint presently before this Court is wholly distinguishable from the *Ouwinga* amended complaint. Plaintiff alleges that Defendants participated in an "enterprise" for the purpose of operating a pharmacy, Pl. Compl. ¶ 22, and that Dr. Winchester wrote prescriptions in Plaintiff's name that were not meant for Plaintiff's benefit. Pl. Compl. ¶ 16 and 18. Plaintiff does not allege that Defendants were associated with the common purpose of defrauding Plaintiff. Rather, even taking the facts alleged as true and making all reasonable inferences in favor of Plaintiff, Plaintiff's allegations merely rise to the inference that McCreary Christian Center operated a pharmacy (which is, notably, not a racketeering activity) and that Dr. Winchester obtained prescriptions written for Plaintiff which were not for Plaintiff's benefit. This, however, is a far cry from the *Ouwinga* amended complaint and does not support an inference that Defendants operated a RICO "enterprise" for the purpose of defrauding Plaintiff.

  2. Plaintiff has failed to plead sufficient facts of wire and mail fraud claims against Defendants.

In addition, Plaintiff has inadequately pled wire and mail fraud against Defendants. In order to assert a claim for mail fraud, the plaintiff must show: 1) a scheme to defraud, and 2) the

use of the mails in furtherance of the scheme. *Heinrich v. Waiting Angels Adoption Services, Inc.*, 668 F.3d 393, 404 (6th Cir. 2012). Wire fraud is substantially similar, with the exception that defendant used the wires in furtherance of the scheme to defraud. *Id*. A "scheme to defraud" is any plan or course of action by which someone uses false, deceptive, or fraudulent pretenses, representations, or promises to deprive someone else of money. *Id*. Plaintiffs must also demonstrate scienter to establish a scheme to defraud or with recklessness with respect to potentially misleading information. *Id*. Both wire and mail fraud must be plead with particularity under Federal Rule of Civil Procedure 9. In order to satisfy this heightened standard, plaintiff must: 1) specify the statement that the plaintiff contends were fraudulent, 2) identify the speaker 3) state where and when the statements were made, and 4) explain why the statements were fraudulent. *Heinrich*, 668 F.3d at 404.

In *Hofstetter v. Fletcher*, the Sixth Circuit found sufficient evidence of scheme to defraud which constituted wire and mail fraud. 905 F.2d 897, 902 (6th Cir. 1988). In that case, the defendants induced plaintiff to purchase substantial amounts of life insurance by falsely representing to her that she could completely avoid future payments of federal income taxes. *Id*. at 903. Defendants promised to and did in fact continue to advise plaintiff for several years to continue withholdings not recognized by the Internal Revenue Code. *Id*. The court held that mailings and wire communications which occurred after the plaintiff agreed to purchase life insurance policies were in furtherance of their scheme to defraud because the defendants continued to dupe the plaintiff into believing she would not be liable for federal income taxes. *Id*.

Plaintiff here has pled no facts that supporting a "scheme to defraud" as in *Hofstetter*. Plaintiff's Complaint alleges that Defendants acted with the common purpose of operating a pharmacy. Pl. Compl. ¶ 22. Plaintiff also alleges that Dr. Winchester wrote prescriptions for

Plaintiff in order to obtain prescription medications not intended for Plaintiff. Pl. Compl. ¶ 16 and 18.  Plaintiff has not alleged fraudulent or misleading communications directed toward her or for the purpose of fraudulently obtaining her money.  Even taking these allegations as true, that Defendants fraudulently obtained prescription medications written to Plaintiff—and that this was not in fact the result of a clerical error— and making reasonable inferences in favor of Plaintiff, Plaintiff has not alleged a scheme to defraud *her*.  Plaintiff received prescriptions through McCreary Christian Center free of charge.  Any fraudulent communications over the wires or through the mail to obtain prescriptions in Plaintiff's name would not have been directed toward Plaintiff.  Therefore, Plaintiff's Complaint cannot survive a motion to dismiss because she has not satisfied the *Twombly* standard or the Rule 9 standard of pleading her wire and mail fraud claims with particularity.

      C. <u>This Court Does Not Have Jurisdiction over Counts Two and Three of Plaintiff's Complaint.</u>

In addition to civil RICO claims, Plaintiff's Complaint alleges violation of Kentucky Revised Statutes § 514.160(1) and § 514.160(2).  As such, Counts Two and Three of Plaintiff's Complaint are state law claims.  Without an actionable RICO claim, in order for this Court to have subject matter jurisdiction over Plaintiff's remaining claims, the parties to this action must be citizens of different states and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332.

Plaintiff states in her Complaint that she is, and at all relevant times to her claims has been, a resident of Kentucky. Pl. Compl. ¶ 3.  Plaintiff further states that each Defendant named in the Complaint is resident or is organized with a principal place of business in Kentucky. Pl. Compl. ¶ 4-7.  Plaintiff has sued several John Doe(s) to be identified.  Nevertheless, despite the

citizenship of any to-be-named John Doe, Plaintiff could not establish complete diversity of citizenship as required under § 1332. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (holding that for § 1332 jurisdiction, all defendants must be diverse from all plaintiffs). As explained above, Plaintiff's RICO claims fail due to Plaintiff's lack of standing and failure to state an actionable civil violation. This Court lacks subject matter jurisdiction over the remaining claims in Plaintiff's Complaint. Therefore, Plaintiff's Complaint should be dismissed.

## CONCLUSION

Plaintiff here has failed to state any injury due to any alleged RICO violation by Defendants. Consequently, Plaintiff lacks standing to bring a claim against Defendants for a civil RICO violation. Furthermore, Plaintiff has failed to plead an actionable civil RICO claim because she has failed to allege sufficient facts to infer the existence of a RICO "enterprise" or a "scheme to defraud" Plaintiff using the wires or mail. In addition, this Court lacks subject matter jurisdiction over Counts Two and Three of Plaintiff's Complaint because those claims are based upon state law and the parties to this case are not sufficiently diverse under § 1332. Therefore, Defendants respectfully request that this Court dismiss Plaintiff's claims against them.

Respectfully submitted,

ROBINSON & HAVENS, PSC

BY: /s/ Clayton L. Robinson
　　 /s/ Adam W. Havens

        Clayton L. Robinson, Esq.
        Adam W. Havens, Esq.
        101 Prosperous Place, Suite 100
        Lexington, Kentucky 40509
        Telephone:  (859) 559-4533
        Facsimile:  (859) 264-0444
        crobinson@robinsonhavens.com
        ahavens@robinsonhavens.com
        *Counsel for Defendants Merrill A.*
        *Winchester, M.D. and Winchester,*
        *Patton and Burgess, P.S.C.*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this the 18th day of August, 2015, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to: Alexander F. Edmondson, Esq. and Jason V. Reed, Esq., counsel for Plaintiff; and I further certify that a courtesy copy of the foregoing was sent via U.S. Mail to: Sue Singleton for McCreary Christian Center, Inc., Southfork Plaza, Highway 27, P. O. Box 363, Whitley City, Kentucky 42653, Defendant.

        /s/ Clayton L. Robinson, Esq.

        CLAYTON L. ROBINSON, ESQ.
        ADAM W. HAVENS, ESQ.
        *Counsel for Defendants Merrill A.*
        *Winchester, M.D. and Winchester,*
        *Patton and Burgess, P.S.C.*