**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION AT LONDON**

| | | |
|---|---|---|
| **BETTY CHARLES** | ) | |
|     **PLAINTIFF** | ) | |
| **v.** | ) | |
| **MERRILL A. WINCHESTER, M.D.,** | ) | **CASE NO. 6:15-cv-00113-KKC** |
| **WINCHESTER, PATTON AND** | ) | **ELECTRONICALLY FILED** |
| **BURGESS, PSC,** | ) | |
| **MCCREARY CHRISTIAN CENTER,** | | |
| **INC., and** | ) | |
| **UNKNOWN JOHN DOE** | | |
| **DEFENDANTS 1-10, EMPLOYEES** | ) | |
| **OF MERRILL A. WINCHESTER, M.D.,** | | |
| **WINCHESTER, PATTON AND** | ) | |
| **BURGESS, P.S.C., or** | | |
| **MCCREARY CHRISTIAN** | ) | |
| **CENTER, INC.** | | |
|     **DEFENDANTS** | | |

**DEFENDANTS MERRILL A. WINCHESTER AND WINCHESTER, PATTON AND BURGESS, P.S.C.'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

**\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\***

Come the Defendants, Merrill A. Winchester, M.D. and Winchester, Patton, and Burgess, P.S.C., by and through Counsel, making an entry of special appearance, and in lieu of an Answer, respectfully move this Court to dismiss Plaintiff's claims against them pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1).  A memorandum in support of this Motion is attached hereto.

The Defendants also request that the Court notice the Defendants' Motion to Dismiss Plaintiff's Amended Complaint for a hearing at the convenience of the Court.

Respectfully submitted,
ROBINSON & HAVENS, PSC

BY:   /s/ Clayton L. Robinson
      /s/ Adam W. Havens
      Clayton L. Robinson, Esq.
      Adam W. Havens, Esq.
      101 Prosperous Place, Suite 100
      Lexington, Kentucky 40509
      Telephone:  (859) 559-4533
      Facsimile:  (859) 264-0444
      crobinson@robinsonhavens.com
      ahavens@robinsonhavens.com
      *Counsel for Defendants Merrill A.*
      *Winchester, M.D. and Winchester,*
      *Patton and Burgess, P.S.C.*

## NOTICE

All parties will take notice that the undersigned will bring on the foregoing Motion for hearing before the Honorable Judge of the United States District Court, Eastern District of Kentucky at London, at the earliest convenience of the Court or as soon thereafter as Counsel may be heard.

## CERTIFICATE OF SERVICE

I hereby certify that on this the 8th day of March, 2015, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to:  Alexander F. Edmondson, Esq. and Jason V. Reed, Esq., counsel for Plaintiff; and I further certify that a courtesy copy of the foregoing was sent via U.S. Mail to: Sue Singleton for McCreary Christian Center, Inc., Southfork Plaza, Highway 27, P. O. Box 363, Whitley City, Kentucky 42653, Defendant.

/s/ Clayton L. Robinson

CLAYTON L. ROBINSON, ESQ.
ADAM W. HAVENS, ESQ.
*Counsel for Defendants Merrill A.*
*Winchester, M.D. and Winchester,*
*Patton and Burgess, P.S.C.*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION AT LONDON**

| | |
|---|---|
| **BETTY CHARLES** | ) |
| | |
| **PLAINTIFF** | ) |
| | |
| **v.** | ) |
| | |
| **MERRILL A. WINCHESTER, M.D.,** | ) |
| **WINCHESTER, PATTON AND** | ) |
| **BURGESS, PSC,** | ) |
| **MCCREARY CHRISTIAN CENTER,** | |
| **INC., and** | ) |
| **UNKNOWN JOHN DOE** | |
| **DEFENDANTS 1-10, EMPLOYEES** | ) |
| **OF MERRILL A. WINCHESTER, M.D.,** | |
| **WINCHESTER, PATTON AND** | ) |
| **BURGESS, P.S.C., or** | |
| **MCCREARY CHRISTIAN** | ) |
| **CENTER, INC.** | |
| | |
| **DEFENDANTS** | |

**CASE NO. 6:15-cv-00113-KKC**
**ELECTRONICALLY FILED**

**MEMORANDUM IN SUPPORT OF DEFENDANTS MERRILL A. WINCHESTER AND**
**WINCHESTER, PATTON AND BURGESS, P.S.C.'S MOTION TO DISMISS**
**PLAINTIFF'S AMENDED COMPLAINT**

**\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\***

Defendants hereby move this Court to dismiss Plaintiff's claims against them pursuant to

Fed. R. Civ. P. 12(b)(6) and 12(b)(1).

**SUMMARY OF ARGUMENT**

Plaintiff's Amended Complaint attempts to allege violations of the Federal Racketeer

Influenced and Corrupt Organizations Act (RICO) under 18 U.S.C. § 1962(c) and (d), and

violations of KRS § 514.160(1) and KRS § 514.160(2).  However, Plaintiff has failed to allege

any injury as a result of Defendant's alleged racketeering activity. Consequently, Plaintiff lacks

standing to bring civil RICO claims against Defendants.   Furthermore, Plaintiff has failed to plead sufficient facts to permit an inference that Defendants violated RICO.   Apart from Plaintiff's RICO claim, Plaintiff's Amended Complaint alleges only state law claims.   Thus, Defendants submit that Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.   As Plaintiff has admitted in her Amended Complaint that all parties are residents of Kentucky, this Court lacks subject matter jurisdiction over those claims.   Therefore, Defendants respectfully request that this Court dismiss all of Plaintiff's claims against them.

## ALLEGATIONS

This case involves allegations of civil violations of the Federal Racketeer Influenced and Corrupt Organizations Act (RICO), and violations of KRS 514.160, Kentucky's identify theft statute.   Based upon the allegations in the Amended Complaint, this lawsuit arises out of Plaintiff's use of services offered by McCreary Christian Center which allowed individuals of certain income levels to obtain prescription medication without charge. Pl. Amend Compl. ¶ 8-10.   Plaintiff alleges that Defendants misappropriated her identifying information in order to obtain prescription medications that were not prescribed to her. Pl. Amend Compl. ¶ 18.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12 provides that defendants may assert, by motion, the defense that plaintiff has failed to state in their complaint a cause of action upon which relief may be granted by the court. Fed. R. Civ. P. 12(b)(6).   "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007).   A complaint satisfies this standard when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. *citing Twombly* at 556.  This "plausibility standard" asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, the Complaint falls short of the line that divides plausibility from possibility of entitlement to relief. *Id*. *citing Twombly* at 557.  Only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id*. at 679.  However, where the complaint does not permit the court to infer more than a mere possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. *Id*.

Federal Rule of Civil Procedure 12 also permits Defendants to assert by motion the defense that the Court lacks subject matter jurisdiction over Plaintiff's claims. Fed. R. Civ. P. 12(b)(1).  United States District Courts have jurisdiction over claims founded in state law where the parties are citizens of different states and where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

## LEGAL ANALYSIS

A. Plaintiff Does Not Have Standing to Bring a Claim for Civil RICO Violations Against Defendants.

In her Amended Complaint, Plaintiff alleged violations of RICO under 18 U.S.C. § 1962(c) and (d).  Any person injured in business or property by violation of RICO § 1962 may bring a civil claim in any United States District Court. 18 U.S.C. § 1964(c).  Under RICO's civil suit provision, claimants must establish standing to sue. *Trollinger v. Tyson Foods, Inc.*, 370 F.3d 602, 612 (6th Cir. 2004).  The Supreme Court has explained that injury and proximate cause are aspects of standing rather than the elements of the plaintiff's prima facie case. *Id*. *citing Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258, 267-68 (1992).  In fact, these concepts overlap because they both grow out of RICO's requirement that claimants establish their injury

was "by reason of" a RICO predicate act violation. *Id.* at 613.  Thus, a civil RICO complaint is vulnerable to a motion to dismiss if it fails to allege an injury recognized under RICO. *See, Drake v. B.F. Goodrich Co.*, 728 F.2d 638, 644 (6th Cir. 1986) (affirming the judgment of lower court dismissing plaintiffs' personal injury and wrongful death actions and denying plaintiffs' right to amend their complaints because plaintiffs did not allege an injury to business or property).

RICO allows a civil claim only where one has suffered injury to "business or property." *Jackson v. Sedgwick Claims Mgmt. Serv., Inc.*, 731 F.3d 556, 563-64 (6th Cir. 2013).  Courts have sought to remain faithful to the statutory purpose of RICO and in doing so have determined that personal injuries and any pecuniary losses proximately resulting from a personal injury caused by a RICO violation, like attorney fees, lost wages, and medical expenses are not recognized. *Id.* at 565.  The Supreme Court has yet to definitely interpret the injury phrase of RICO, but courts have looked to how the Supreme Court construes this phrase in the context of antitrust laws. *Id.* at 564.  In that context, the Supreme Court has said that "consumers who pay a higher price for goods purchased for personal use as a result of antitrust violations sustain an injury in their 'business or property.'" *Id. citing Reiter v. Sonotone Corp.*, 442 U.S. 330, 334 (1979); *see also Diaz v. Gates*, 420 F.3d 897, 900 (9th Cir. 2005) (stating that injury from alleged false imprisonment does not confer RICO standing, but interference with contracts or prospective business relations does satisfy RICO's injury component).  Personal injuries and resulting expenses do not constitute an injury to property because a personal injury does not lead to "a proprietary type of damage." *Jackson* 731 F.3d at 565 (internal citations omitted).  Although courts have used varying terms to describe the distinction between a non-redressable personal injury and a redressable injury to property, "the concept is clear: both personal injuries

and personal losses flowing from those personal injuries fail to confer relief under § 1964(c). *Id.* at 565-566 (internal citations omitted). Furthermore, plaintiffs may not recover under RICO for injuries caused to a third party. *Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258, 268-269 (1992).

Courts in other circuits have likewise dismissed similar cases for lack of standing, including the Eastern District of California, which has held that expenses resulting from identity theft do not satisfy the injury requirement under RICO. *See Dunmore v. Dunmore*, No. 2:11-cv-2867, 2013 WL 5569979, at *11 (E.D.Cal. Oct. 8, 2013) (holding that plaintiffs did not have standing under RICO where plaintiffs attempted to assert standing on the basis of legal fees incurred as a result of defendants' misuse of plaintiffs' names, signatures, and social security documents); *Olaniyi v. Alexa Cab*, 239 Fed. Appx. 698, 700 (3rd Cir. 2007) (holding that district court properly concluded that plaintiff's complaint failed to state a claim where plaintiff's alleged injury was mortgage fraud and identity theft); *Simon v. Weaver*, 327 F.Supp.2d 258, 261 (S.D.N.Y. 2004) (holding that plaintiff's RICO claim failed because plaintiff failed to plead any injury as a result of any actions by defendants); *Charleswell v. Manhattan Bank*, 308 F.Supp.2d 545 (D. Virgin Islands 2004) (dismissing plaintiff's alleged RICO violations because plaintiffs failed to allege injury caused by defendant's allegedly fraudulent activities); *Godfredson v. JBC Legal Group*, 387 F.Supp.2d 543, 546-47 (E.D.N.C. 2005) (holding that plaintiffs failed in alleging a RICO claim to present a party with standing because named plaintiffs admitted they did not suffer injury and therefore it was appropriate to dismiss RICO cause of action for failure to state a claim upon which relief may be granted); *see also Diaz v. Gates*, 420 F.3d 897, 900 (9th Cir. 2005) (holding that false imprisonment does not satisfy the injury requirement, and further

stating that interference with contracts or prospective business relations would satisfy the injury requirement).

In addition to alleging injury, plaintiffs must further show that their injury was proximately caused by a defendant's allegedly fraudulent conduct. *Holmes*, 503 U.S. at 268. The Supreme Court has identified three important considerations in the proximate cause analysis. *Id.* at 269. First, whether the plaintiff's injury is such that it will be difficult to ascertain the amount of damages attributable to the violation as opposed to independent factors. *Id.* Second, whether recognizing the plaintiff's injury would force courts to adopt complicated rules apportioning damages to obviate the risk of multiple recoveries. *Id.* Finally, whether there are persons who have been more directly injured by the alleged wrongful conduct who can be counted upon to vindicate the law as private attorneys general. *Id.* at 269-270.

The Eastern District of California has addressed proximate cause in the context of alleged identity theft. In *Dunmore v. Dunmore*, the plaintiffs were grandparents of two men who allegedly misused their grandparents' names, forged their signatures, and misused their social security numbers in order to prepare false financial and loan documents. 2013 WL 5569979, at *11. The court found that the link between the plaintiffs' injury and the defendants' wrongful conduct was too remote to confer standing. *Id.* Moreover, the court stated that plaintiffs may not sue under RICO on the basis of injuries to a third party. *Id. citing Holmes*, 503 U.S. at 268-269. Rather, the financial institutions and private lenders who incurred substantial financial losses as a result of the alleged RICO fraud scheme had injuries sufficient to confer standing. *Id.* at *12.

Through their First Amended Complaint, Plaintiff claims she suffered monetary injury in the form of "increased health/medical and/or life insurance premiums, copays, and/or deductibles" (Pl. Am. Compl. ¶ 24). Plaintiff's claims against Defendants remains fatally flawed

because she still has not established standing to bring claims against Defendants under the civil suit provisions of the Racketeering Influenced and Corrupt Organizations Act (RICO).

In *Holmes v. Sec. Investor Prot. Corp.*, the Supreme Court articulated the seminal proximate cause analysis to be used in determining whether a plaintiff has sufficiently alleged standing to sue under RICO.  Under RICO § 1964, plaintiffs must plead and prove an actual injury to its business or property "by reason of" a defendant's alleged RICO violation. *Pik-Coal Co. v. Big Rivers Elec. Corp.*, 200 F.3d 884, 889 (6th Cir. 2000).  In *Holmes*, the Supreme Court explained that RICO's "by reason of" language is not to be read so expansively so as to allow plaintiffs to bring claims where they would not have been injured "but for" defendant's alleged RICO violation. *Holmes*, 503 U.S. 258, 265-66 (1992).  The court reasoned that Congress very likely did not intend to allow all factually injured plaintiffs to recover. *Id*.  Therefore, a central element of proximate cause is "some direct relationship between the injury asserted and the injurious conduct alleged." *Id*. at 268.  However, even a "RICO plaintiff who can show a direct injury may still lose the case if the injury does not satisfy other traditional requirements of proximate cause—that the wrongful conduct be a substantial and foreseeable cause and that the connection be logical and not speculative. *Trollinger, v. Tyson Foods, Inc.*, 370 F.3d 602, 615 (6th Cir. 2004).  The causal link between the injury and the conduct may be too weak to constitute proximate cause where it is insubstantial, unforeseeable, speculative, or illogical, or because of intervening causes. *Id*. at 614.  A plaintiff does not have standing where it suffered only "derivative or passed-on injuries." *Id*.  A plaintiff who complains of harm flowing merely from the misfortunes of a third person by the defendant's acts are generally said to be too remote to allow a plaintiff to recover. *Holmes*, 503 U.S. at 268-69.

Courts have consistently followed these principles and dismissed claims of plaintiffs whose injury was too remote to confer standing.  In *Perry v. The American Tobacco Co., Inc.*, insureds under group health insurance policies brought a class action against tobacco manufacturers alleging RICO violations based upon claimed increased insurance premiums due to the presence of smokers in their insurance pool. 324 F.3d 845, 848 (6th Cir. 2003).  At the time *Perry* was decided, eight other circuit courts of appeals had addressed cost-recovery claims against the tobacco industry in which plaintiffs sought to recover the increased costs of health-related expenses due to smoking. *Id*. at 849.  Uniformly, the eight other circuits had concluded that such claims failed because the alleged injuries were too remote. *Id*.  In *Perry*, the Sixth Circuit followed suit, explaining that in the case before the court the plaintiffs' alleged injuries were even more remote than the claims in its sister circuits. *Id*.  In the other cases, the plaintiffs had actually paid for the medical services at issue or were hospitals seeking to recover costs of health care provided to non-paying patients. *Id*.  In the case before the court in *Perry*, the plaintiffs were subscribers to a third-party payor who alleged that Blue Cross Blue Shield (BCBS) had passed along to them at least some of the increased costs of treating smoking-related injuries in the form of higher insurance premiums. *Id*.  Therefore, the plaintiff's claims were not only contingent on harm to a third party, but also on BCBS increasing premium amounts due to smoking-related medical costs. *Id*.  In so holding, the court rejected the plaintiffs' argument that RICO standing is not limited to parties who are directly injured because there was no legal authority for such a position. *Id*.

Similarly, in *Pik-Coal Co. v. Big Rivers Elec. Corp.*, the Sixth Circuit held that the plaintiff's alleged economic injuries were indirect and remote byproducts of defendant's alleged actions. 200 F.3d 884, 890.  Pik-Coal Company had alleged that defendant's RICO conspiracy

deprived plaintiff of sales commissions which it would have earned. *Id*. at 887.  The court reasoned that, at most, plaintiff could only allege that the defendants' allegedly conspiratorial acts directly and proximately injured a separate party. *Id*. at 890.  Thus, the court held that the plaintiff had no RICO standing against the defendant because the plaintiff could not prove that its alleged injuries were proximately caused by the defendant's actions. *Id*.  In contrast, in *Trollinger*, the Sixth Circuit held that the plaintiffs met the requirements to bring a RICO claim on proximate cause grounds. 370 F.3d 602, 620.  In that case, the plaintiffs alleged RICO violations by defendant Tyson had resulted in depression of plaintiffs' wages. *Id*. at 606-607.  The plaintiffs' injury (depressed wages) flowed directly from the alleged violations of the defendants (an alleged wage-depression scheme with several employment agencies through which they hired undocumented workers). *Id*. at 620.  Consequently, the plaintiffs survived a motion to dismiss.

Plaintiff here has filed a First Amended Complaint alleging that she has sustained "increased health/medical and/or life insurance premiums, copays, and/or deductibles" as a result of Defendants' alleged conduct.  It is not clear whether Plaintiff alleges that her personal insurance premiums, copays, and deductibles have increased due to receipt of prescriptions not written for her or whether she alleges that fraudulent activity generally has a tendency to cause insurance companies to increase their premiums, copays, and deductibles.  Regardless of this distinction, Plaintiff's position is analogous to the plaintiffs in *Perry* and *Pik-Coal*, and her newly-alleged injury is too remote to satisfy RICO's proximate cause requirement in order to confer standing.

In her First Amended Complaint, as in her original Complaint, Plaintiff states that in 2008 she lost her employer-provided health insurance and she was consequently not able to pay

for her prescriptions written by her primary care physician or specialists. Pl. Amend Compl. ¶ 8 and 9.  Plaintiff sought assistance from McCreary Christian Center (MCC), which at that time provided assistance to those struggling to pay for prescription medications by helping them obtain their prescriptions free of charge.  All that was required of Plaintiff was for her to bring prescriptions written for her by her own physician to the MCC pharmacy.  With the help of MCC, Plaintiff did in fact receive her prescription medications for free.   MCC did not charge for this service.   MCC also does not receive compensation or other monetary value from any government entity, insurance company, or other party for helping individuals like Plaintiff obtain free prescriptions.  Plaintiff never paid MCC nor any prescription medication manufacturer, retailer, insurance company, government entity, or other party for the prescriptions received through MCC.   Moreover, MCC did not report any of Plaintiff's requested or received prescription medications to any insurance company, Medicare, Medicaid, or any of Plaintiff's physicians.

Plaintiff's business or property has not been directly injured as a result of Defendants' alleged actions.   Plaintiff received her prescription medications through MCC's pharmacy completely free of charge; she did not pay Dr. Winchester, MCC, an insurance company, or any other party.   Plaintiff claims that her insurance premiums, copays, and deductibles have increased.   Even accepting as true that Plaintiff has paid higher premiums, copays and deductibles, Plaintiff's claimed injury is a passed-on injury—that is, an alleged injury to a separate party which she claims was passed on to her.  This is precisely the kind of injury that does not satisfy RICO's proximate cause requirement, as the court held in *Perry*.  There, the plaintiffs argued that the tobacco companies caused smoking-related illnesses in individuals within the plaintiffs' insurance pool, which caused the claimant's insurance premiums—payable

to BCBS—to increase, in part due to the costs of treating smoking-related illnesses. 324 F.3d 845, 847 (6th Cir. 2003).  The crux of the plaintiffs' claim was that BCBS passed on the increased costs of treating smoking-related illnesses to plaintiffs in the form of higher premiums. *Id*. at 849.  Thus, the plaintiffs' claims were based upon two contingencies: 1.) actual harm to a third party (by defendants' actions); and 2.) BCBS actually increasing premiums due to smoking-related medical costs. *Id*.  Similarly, Plaintiff's claim here is based upon two contingencies: 1.) increased costs of medical care or medications as a result of any alleged conduct by Defendants; and 2.) those increased costs actually being passed on to Plaintiff in the form of increased premiums, copays, and deductibles.  Plaintiff's claimed injury fundamentally depends upon and assumes that there was first an injury to a separate party who then passed on that injury to Plaintiff.  In addition, the second step of Plaintiff's claimed injury is problematic because myriad factors influence the costs of insurance premiums, copays, and deductibles.  Asking the court to determine what, if any, percentage is allocable to any alleged act by Defendants is untenable because of the scope of such an undertaking.

This is in fact one of the very reasons for RICO's proximate cause requirement, and the ramifications of allowing Plaintiff's claim to go forward are precisely those that the *Holmes* court cautioned against. *Holmes*, 503 U.S. at 269-270. First, it would be exceedingly difficult for this Court to determine the amount of Plaintiff's damages attributable to Defendant's alleged RICO violations as opposed to other, independent factors.  Due to the two-step process through which Plaintiff maintains that Defendants' alleged RICO violations caused her insurance premiums, copays, and deductibles to increase, and due to the myriad external factors influencing the insurance premium rate, copays, and deductibles, there is no straight-forward way in which a court could parse out increases due to any of Defendants' actions versus any

other factors. Second, this Court would have to develop complicated apportionment rules to ensure that injured parties removed at different levels of injury from the allegedly violative acts recovered and to obviate multiple recoveries. Where a plaintiff's injury—as here—depends first upon other parties bring injured by a defendant's alleged conduct, there would be other parties with theoretical standing to being claims for the same alleged conduct. Finally, there is simply no need for this Court to grapple with the difficulties presented by claims such as Plaintiff's. As the court in *Holmes* stated, it is sufficient that there are more directly injured parties who can be relied upon to act as private attorneys general; there is no need to extend the right to recover to removed plaintiffs. *Holmes*, 503 U.S. at 269-270.

Plaintiff has argued that she has met the standards of notice pleading and that she should be allowed to proceed with discovery because there is only so much information available at this stage of her case. However, the Supreme Court expressly approved of applying *Holmes* in resolving a motion to dismiss under Rule 12(b)(6). *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451 (2006) (affirming dismissal of complaint due to remoteness under Rule 12(b)(6)). For the reasons stated above, allowing the Plaintiff to proceed with such a claim is inherently problematic for the Court. Allowing suits by parties injured only indirectly not only opens the door to massive and complex damages litigation, but it would also undermine the effectiveness of RICO civil suits generally. *Holmes*, 503 U.S. at 274 *citing Associated General Contractors of Cal. v. Carpenters*, 459 U.S. 519, 545 (1983) ("[a]llowing suits by those injured only indirectly would open the door to 'massive and complex damages litigation[, which would] not only burde[n] the courts, but [would] also undermin[e] the effectiveness of treble-damages suits.").

B. <u>Plaintiff Has Failed to Plead Sufficient Facts to State An Actionable RICO Claim Against Defendants.</u>

In addition to a lack of standing, Plaintiff has failed to plead sufficient facts of a civil RICO violation against Defendants.  Under RICO, it is unlawful for any person employed by or associated with any enterprise engaged in, or the activities which affect interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity. *Boyle v. United States*, 556 U.S. 938, 943-944 (2009); 18 U.S.C. § 1962(c).  To assert a civil RICO claim under § 1962(c), the plaintiff must show: 1) the conduct 2) of an enterprise 3) through a pattern 4) of racketeering activity. 18 U.S.C. § 1962(c).  Racketeering activity is "any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical which is chargeable under state law and punishable by imprisonment for more than one year." 18 U.S.C. § 1961(1)(A).  In addition, acts which are indictable under certain sections of Title 18, including mail fraud (18 U.S.C. § 1341) and wire fraud (§ 1343) can be predicate acts to support a civil RICO claim. 18 U.S.C. § 1961(1)(B).

1. Plaintiff has failed to plead sufficient facts to support an inference that Defendants operated as an "enterprise" under RICO.

Even taking all allegations in Plaintiff's Amended Complaint as true, Plaintiff has failed to allege that Defendants were an "enterprise" such as to be liable under RICO's civil suit provisions.  Traditionally, enterprises under RICO are organized crime entities. *United States v. Johnson*, 440 F.3d 832 (6th Cir. 2006).  In *Boyle v. United States*, the Supreme Court addressed whether a group of individuals who had, over several years, orchestrated and carried out a variety of bank robberies including robberies of night depositions and bank vault burglaries was an "enterprise" under RICO. 556 U.S. at 941.  The Court explained that RICO reaches "a group of persons associated together for a common purpose of engaging in a course of conduct." *Id.* at

944.  The Supreme Court further stated that in order to establish an "enterprise" under § 1962(c), plaintiffs must show that an association-in-fact has three structural features: a purpose; relationships among those associated with the enterprise; and longevity sufficient to permit the associates to pursue the enterprise's purpose." *Id*. at 946.  Furthermore, an association-in-fact requires a certain amount of organizational structure; simple conspiracies are beyond RICO's reach. *Id*.  The Supreme Court held that it was sufficient under RICO that the group of individuals were an association whose common purpose was engaging in racketeering, in that instance, bank robbery. *Id*. at 951.

In *Ouwinga v. Benistar 419 Plan Services, Inc.*, the defendants filed motions to dismiss the plaintiff's amended complaint under FRCP 12(b)(6) for defective allegations of "enterprise," "conduct," "racketeering," and "conspiracy" under RICO's civil suit provisions. 694 F.3d 783, 789 (6th Cir. 2012).  Following the Supreme Court's analysis, the Sixth Circuit held that the plaintiff's amended complaint alleged an organizational structure which satisfied the *Boyle* standard. *Id*. 794-795.  The amended complaint "delineate[d] the specific roles and relationships of the Defendants, allege[d] the enterprise functioned at least five years, and allege[d] it functioned for the common purpose of promoting a fraudulent welfare benefit plan to generate commissions and related fees." *Id*. at 795.  The court found that these allegations sufficiently supported an inference of an enterprise. *Id*.

The Amended Complaint presently before this Court is wholly distinguishable from the *Ouwinga* amended complaint.  Plaintiff alleges that Defendants participated in an "enterprise" for the purpose of operating a pharmacy, Pl. Amend Compl. ¶ 22, and that Dr. Winchester wrote prescriptions in Plaintiff's name that were not meant for Plaintiff's benefit. Pl. Amend Compl. ¶ 16 and 18.  Plaintiff does not allege that Defendants were associated with the common purpose

of defrauding Plaintiff.  Rather, even taking the facts alleged as true and making all reasonable inferences in favor of Plaintiff, Plaintiff's allegations merely rise to the inference that McCreary Christian Center operated a pharmacy (which is, notably, not a racketeering activity) and that Dr. Winchester obtained prescriptions written for Plaintiff which were not for Plaintiff's benefit. This, however, is a far cry from the *Ouwinga* amended complaint and does not support an inference that Defendants operated a RICO "enterprise" for the purpose of defrauding Plaintiff.

> 2.  Plaintiff has failed to plead sufficient facts of wire and mail fraud claims against Defendants.

In addition, Plaintiff has inadequately pled wire and mail fraud against Defendants. In order to assert a claim for mail fraud, the plaintiff must show: 1) a scheme to defraud, and 2) the use of the mails in furtherance of the scheme. *Heinrich v. Waiting Angels Adoption Services, Inc.*, 668 F.3d 393, 404 (6th Cir. 2012).  Wire fraud is substantially similar, with the exception that defendant used the wires in furtherance of the scheme to defraud. *Id*.  A "scheme to defraud" is any plan or course of action by which someone uses false, deceptive, or fraudulent pretenses, representations, or promises to deprive someone else of money. *Id*.  Plaintiffs must also demonstrate scienter to establish a scheme to defraud or with recklessness with respect to potentially misleading information. *Id*.  Both wire and mail fraud must be plead with particularity under Federal Rule of Civil Procedure 9.  In order to satisfy this heightened standard, plaintiff must: 1) specify the statement that the plaintiff contends were fraudulent, 2) identify the speaker 3) state where and when the statements were made, and 4) explain why the statements were fraudulent. *Heinrich*, 668 F.3d at 404.

In *Hofstetter v. Fletcher*, the Sixth Circuit found sufficient evidence of scheme to defraud which constituted wire and mail fraud. 905 F.2d 897, 902 (6th Cir. 1988).  In that case, the

defendants induced plaintiff to purchase substantial amounts of life insurance by falsely representing to her that she could completely avoid future payments of federal income taxes. *Id*. at 903. Defendants promised to and did in fact continue to advise plaintiff for several years to continue withholdings not recognized by the Internal Revenue Code. *Id*. The court held that mailings and wire communications which occurred after the plaintiff agreed to purchase life insurance policies were in furtherance of their scheme to defraud because the defendants continued to dupe the plaintiff into believing she would not be liable for federal income taxes. *Id*.

Plaintiff here has pled no facts that supporting a "scheme to defraud" as in *Hofstetter*. Plaintiff's Amended Complaint alleges that Defendants acted with the common purpose of operating a pharmacy. Pl. Amend Compl. ¶ 22. Plaintiff also alleges that Dr. Winchester wrote prescriptions for Plaintiff in order to obtain prescription medications not intended for Plaintiff. Pl. Amend Compl. ¶ 16 and 18. Plaintiff has not alleged fraudulent or misleading communications directed toward her or for the purpose of fraudulently obtaining her money. Even taking these allegations as true, that Defendants fraudulently obtained prescription medications written to Plaintiff—and that this was not in fact the result of a clerical error— and making reasonable inferences in favor of Plaintiff, Plaintiff has not alleged a scheme to defraud *her*. Plaintiff received prescriptions through McCreary Christian Center free of charge. Any fraudulent communications over the wires or through the mail to obtain prescriptions in Plaintiff's name would not have been directed toward Plaintiff. Therefore, Plaintiff's Amended Complaint cannot survive a motion to dismiss because she has not satisfied the *Twombly* standard or the Rule 9 standard of pleading her wire and mail fraud claims with particularity.

C. <u>This Court Does Not Have Jurisdiction over Counts Two and Three of Plaintiff's Complaint.</u>

In addition to civil RICO claims, Plaintiff's Amended Complaint alleges violation of Kentucky Revised Statutes § 514.160(1) and § 514.160(2).  As such, Counts Two and Three of Plaintiff's Complaint are state law claims.  Without an actionable RICO claim, in order for this Court to have subject matter jurisdiction over Plaintiff's remaining claims, the parties to this action must be citizens of different states and the amount in controversy must exceed $75,000.  28 U.S.C. § 1332.

Plaintiff states in her Amended Complaint that she is, and at all relevant times to her claims has been, a resident of Kentucky. Pl. Amend Compl. ¶ 3.  Plaintiff further states that each Defendant named in the Complaint is resident or is organized with a principal place of business in Kentucky. Pl. Amend Compl. ¶ 4-7.  Plaintiff has sued several John Doe(s) to be identified.  Nevertheless, despite the citizenship of any to-be-named John Doe, Plaintiff could not establish complete diversity of citizenship as required under § 1332. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (holding that for § 1332 jurisdiction, all defendants must be diverse from all plaintiffs).  As explained above, Plaintiff's RICO claims fail due to Plaintiff's lack of standing and failure to state an actionable civil violation.  This Court lacks subject matter jurisdiction over the remaining claims in Plaintiff's Complaint.  Therefore, Plaintiff's Complaint should be dismissed.

## CONCLUSION

Plaintiff here has failed to state any injury due to any alleged RICO violation by Defendants.  Consequently, Plaintiff lacks standing to bring a claim against Defendants for a civil RICO violation.  Furthermore, Plaintiff has failed to plead an actionable civil RICO claim because she has failed to allege sufficient facts to infer the existence of a RICO "enterprise" or a

"scheme to defraud" Plaintiff using the wires or mail.  In addition, this Court lacks subject matter jurisdiction over Counts Two and Three of Plaintiff's Amended Complaint because those claims are based upon state law and the parties to this case are not sufficiently diverse under § 1332. Therefore, Defendants respectfully request that this Court dismiss Plaintiff's claims against them.

Respectfully submitted,

ROBINSON & HAVENS, PSC

BY:   /s/ Clayton L. Robinson
       /s/ Adam W. Havens
       Clayton L. Robinson, Esq.
       Adam W. Havens, Esq.
       101 Prosperous Place, Suite 100
       Lexington, Kentucky 40509
       Telephone:  (859) 559-4533
       Facsimile:  (859) 264-0444
       crobinson@robinsonhavens.com
       ahavens@robinsonhavens.com
       *Counsel for Defendants Merrill A. Winchester, M.D. and Winchester, Patton and Burgess, P.S.C.*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 8th day of March, 2016, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to: Alexander F. Edmondson, Esq. and Jason V. Reed, Esq., counsel for Plaintiff; and I further certify that a courtesy copy of the foregoing was sent via U.S. Mail to: Sue Singleton for McCreary Christian Center, Inc., Southfork Plaza, Highway 27, P. O. Box 363, Whitley City, Kentucky 42653, Defendant.


/s/ Clayton L. Robinson, Esq.

CLAYTON L. ROBINSON, ESQ.
ADAM W. HAVENS, ESQ.
*Counsel for Defendants Merrill A. Winchester, M.D. and Winchester, Patton and Burgess, P.S.C.*