UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

BETTY CHARLES,

    Plaintiff,

v.

MERRIL A. WINCHESTER
WINCHESTER, PATTON, AND BURGESS,
P.S.C., McCREARY CHRISTIAN CENTER,
INC., and JOHN AND JANE DOES
    Defendants.

Civil Action No. 6:15-CV-113-KKC

**OPINION AND ORDER**

This matter is before the Court on the motion to dismiss (DE 12) filed by defendants Merrill A. Winchester and Winchester, Patton, and Burgess, P.S.C.

**I.    Background**

The plaintiff Betty Charles alleges that the defendant Dr. Merrill Winchester wrote prescriptions in her name even though she was never a patient of his. She alleges that Winchester did this while he was directing physician of defendant McCreary Christian Center (MCC) and a physician with defendant Winchester, Patton and Burgess, P.S.C. She further alleges that the prescriptions were filled by a pharmacy and mailed to MCC, where they were dispensed by the John Doe defendants to other patients at MCC.

She asserts that, with these actions, the defendants violated the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961, *et. seq*. She further asserts a claim under Kentucky's identity theft statute, KRS § 514.160, and a claim under Kentucky's Consumer Protection Act, KRS § 367.110, *et seq*.

Defendants Dr. Winchester and Winchester, Patton, and Burgess, P.S.C. moved to dismiss the RICO claim against them under Federal Rules of Civil Procedure 12(b)(6) and

12(b)(1). They argued that, with her complaint, the plaintiff Charles failed to allege any injury to "business or property" as required under RICO or that any injury was proximately caused by the alleged RICO violations. They further argued that Charles has failed to plead sufficient facts to infer a RICO violation. The defendants argued that, upon dismissal of the RICO claim, Charles' state law claims should also be dismissed for lack of jurisdiction because all parties are Kentucky residents.

In response to the motion to dismiss, Charles filed an amended complaint, which she asserts corrects the deficiencies set forth in the motion to dismiss. Defendants Dr. Winchester and Winchester, Patton, and Burgess, P.S.C. (collectively, "Winchester") now move to dismiss the amended complaint.

## II. Analysis

With its motion to dismiss, Winchester argues that Charles has failed to plead sufficient facts to establish that she has standing to bring a RICO claim. "Civil RICO 'standing' is usually viewed as a 12(b)(6) question of stating an actionable claim, rather than as a 12(b)(1) question of subject matter jurisdiction." *Stooksbury v. Ross*, No. 12-5739, 528 F. App'x 547, 555 (6th Cir. 2013) (quoting *Anderson v. Ayling*, 396 F.3d 265, 269 (3d Cir.2005)).

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the "factual allegations in the complaint must be regarded as true." *Scheid v. Fanny Farms Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir. 1983)). Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to *relief*, in order to give the defendant fair

notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 555 (2007).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (internal citations omitted). In order to survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face" and to nudge his claim "across the line from conceivable to plausible." *Id.* at 570.

Charles alleges that Winchester violated two provisions of RICO: Sections 1962(c) and (d). In relevant part, section 1962(c) makes it unlawful for any person employed by or associated with an enterprise "to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity . . . ." Section (d) makes it unlawful to conspire to perform the acts prohibited by section (c). 18 U.S.C. §§ 1962(c), (d).

Winchester argues that Charles has not established statutory standing to bring a claim under RICO, which grants standing to "[a]ny person injured in his business or property by reason of a violation of" RICO. 18 U.S.C. § 1964(c). In order to establish standing, a plaintiff asserting a RICO claim must allege both an injury to her business or property *and* that the RICO violation was the proximate cause of her injury. *Trollinger v. Tyson Foods, Inc.*, 370 F.3d 602, 612 (6th Cir. 2004) (citing *Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258, 267–68 (1992)). This is because the statute grants standing only to those injured "by reason of" the RICO violation. *Id.* at 613. Thus, parties who suffer only "derivative or passed-on injuries" do not have standing to assert a RICO claim. *Id.* at 614. Further, to satisfy the proximate-cause requirement for RICO

3

standing, even those directly injured by a RICO violation must establish that the violation was "a substantial and foreseeable cause" of her injury and that the connection between the RICO violation and injury is "logical and not speculative." *Id*. at 615. Of course, in determining whether a RICO plaintiff has adequately alleged the proximate-cause requirement, the Court looks only to the allegations of the complaint. *Id*.

As to her injury, Charles alleges in her amended complaint only that she suffered "increased health/medical and/or life insurance premiums, copays, and/or deductibles." (DE 8, Amended Complaint ¶ 24.) In her response to the motion to dismiss, Charles alleges that she has adequately alleged that Winchester's actions were the proximate cause of her injuries because she has alleged that she had a "direct relationship" with Winchester. (DE 14, Response at 4-5.) This is incorrect. She must make allegations sufficient to establish that it is plausible that Winchester's actions in issuing prescriptions in her name were the proximate cause of the rise in her insurance premiums, copays, or deductibles. She has failed to do that. She makes no allegations as to causation at all.

Because this is Charles' second attempt at pleading sufficient allegations to establish a RICO claim, dismissal of the claim is now appropriate. In addition to her RICO claim, Charles asserts two claims under Kentucky state law. Charles' RICO claim is the only claim over which this court has original jurisdiction. The Court declines to exercise jurisdiction over the state law claims and will dismiss them without prejudice. 28 U.S.C. § 1367(c).

### III. Conclusion

For all these reasons, the Court hereby ORDERS as follows:

1) Winchester's motion to dismiss (DE 12) is GRANTED;

2) Charles' RICO claim is DISMISSED with prejudice:

3) Charles state-law claims under Kentucky's identity theft statute, KRS § 514.160, and Kentucky's Consumer Protection Act, KRS § 367.110 *et seq.* are DISMISSED without prejudice; and

4) this action is DISMISSED and STRICKEN from the Court's active docket.

Dated February 17, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY